Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2460 | **DATE** | 6/28/2004 |
| **CASE TITLE** | Linda Marlin Lie, et al vs. The Boeing Co., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Garuda's motion to dismiss is granted. (11-1) This dismissal on forum non conveniens grounds calls for the denial, on mootness grounds of Garuda's substantive dismissal motions. (9-1, 10-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 2 9 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 17 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/29/2004 date mailed notice | |
| SN | courtroom deputy's initials | 2004 JUN 29 AM 8:24 Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LINDA MARLIN LIE, et al., )
)
        Plaintiffs, )
)
v. )
)
THE BOEING COMPANY, et al., )
)
        Defendants. )
)
_____)
)
CFM INTERNATIONAL, INC., )
)
        Third Party Plaintiff, )
)
v. )   No. 04 C 2460
)
P.T. GARUDA INDONESIA, )
)
        Third Party Defendant. )
)
_____)
)
THE BOEING COMPANY, )
)
        Third Party Plaintiff, )
)
v. )
)
P.T. GARUDA INDONESIA, )
)
        Third Party Defendant. )

MEMORANDUM ORDER

This action was initiated by a host of non-United States plaintiffs[1] in the Circuit Court of Cook County, advancing claims arising out of a January 16, 2002 emergency landing in the

---

[1] According to the most recent filing by the defendants-third party plaintiffs (Joint Resp. 2 n.1), their information is that 41 of the 48 plaintiffs are (unsurprisingly) citizens or residents of Indonesia. In any event, "None is a U.S. citizen or resident" (id.).

Bengawan Solo River, Indonesia of an aircraft owned and operated by P.T. Garuda Indonesia ("Garuda"). Plaintiffs sued only the Boeing Company ("Boeing," manufacturer of the aircraft) and CFM International, Inc. ("CFM," seller of the aircraft engine), asserting a variety of alleged product defects and deficient operating procedures. Airline Garuda (a "foreign state" as defined in 28 U.S.C. §1603(a))[2] was conspicuously absent from the case caption, plaintiffs having elected not to sue it as a codefendant.

Boeing and CFM, which were unable to remove the action to the federal courts on their own because Boeing is an Illinois citizen under Section 1332(c)(1)(see Section 1441(b)), promptly advanced a Third Party Complaint against Garuda. And--to no one's surprise--Garuda, which as a "foreign state" had an express right of removal under Section 1441(d), just as promptly filed a timely Notice of Removal to this District Court. Then, after some further procedural back-and-forth, this Court remanded the principal claims against Boeing and CFM to plaintiffs' preferred forum in the Circuit Court, retaining only the third-party claims by Boeing and CFM against Garuda (see this Court's memorandum opinion at 311 F.Supp.2d 725 (N.D. Ill. 2004)).

As with any conventional chess opening, each of the moves up

---

[2] All further references to Title 28's provisions will simply take the form "Section--."

to that point had been quite predictable. And that pattern has continued with the filing of Garuda's motion for dismissal of the retained claims on forum non conveniens grounds. Garuda's motion has now been briefed by the highly able counsel on both sides of the dispute--but the difficulty for Boeing and CFM is that (to mix metaphors in a way that would probably cause Hoyle to blanch) Garuda holds all of the legally relevant high cards, while the Boeing-CFM position is at best a busted straight.

There is of course no question that plaintiffs' counsel could have charged Garuda as a joint tortfeasor in the first instance (and perhaps Garuda may in fact be such, although no findings either way are appropriate--or even hinted at--here). But no tort plaintiff is duty-bound to place all potential defendants in its crosshairs, and if plaintiffs' counsel had instead done what Boeing and CFM would have preferred in that respect:

    1. Plaintiffs would have been deprived of the forum of their choice in the first instance. In that respect it should be noted that they deliberately chose to sue in the state court, even though federal jurisdiction was clearly available to them against Boeing and CFM on diversity of citizenship grounds (see Section 1332(a)(2) and (c)(1)).

    2. If Garuda had been added as a direct defendant, it would have been plaintiffs rather than Boeing and CFM who

3

would then have had to respond to the same forum non conveniens contentions that Garuda has now advanced--an added hurdle that was avoided by plaintiffs having sued only Boeing and CFM.

In any event, what is conclusive for present purposes is that plaintiffs <u>did not</u> opt to sue Garuda, so that only Boeing, CFM and Garuda are before this Court at this time.

To turn at last to the unpersuasive efforts of Boeing and CFM to avoid dismissal, they ask that this Court hold off on its ruling until the state court rules on <u>their</u> forum non conveniens motion (filed only a week ago, on June 21, in that forum), a motion that they hope will result in dismissal of plaintiffs' case against them so that all the litigants can do battle in Indonesia. But there is no good reason that this action should be held hostage pending an uncertain result at an uncertain time on another court's as-yet-unannounced schedule. And as for the remaining contentions that Boeing and CFM advance here, all of them share the skewed perception that the relevant doctrine is somehow "Boeing-CFM non conveniens" rather than "forum non conveniens."

This Court has conducted the balancing test prescribed in the seminal opinion in <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501 (1947) and elaborated on in such other leading cases as <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235 (1981), and it holds that the

balance of convenience tips heavily in favor of Garuda. On that score it would be an act of supererogation to extend this opinion by repeating the arguments that have been presented so ably in Garuda's 15-page memorandum in support of its motion. In sum, the motion to dismiss is granted for the reasons so well advanced by Garuda.[3]

There is however one final matter to be dealt with, posed as a last-ditch position at Boeing-CFM Joint Resp. 11-12: the potential imposition of conditions on this forum non conveniens dismissal (for which purpose Boeing and CFM cite to <u>Baris v. Sulpicio Lines, Inc.</u>, 932 F.2d 1540, 1551 (5th Cir. 1991)). To that end Garuda has already voluntarily agreed to appropriate conditions, but Boeing and CFM request a number of added commitments. This Court has considered the Boeing-CFM additions, finding some acceptable and others not. Hence Garuda is ordered, as conditions of the dismissal ordered here:

   1. to accept service of process of the complaint or complaints in the nature of third-party actions that Boeing and CFM may hereafter bring against Garuda in Indonesia;

   2. to submit to the jurisdiction of the Indonesian courts in such actions;

   3. to waive the application of any statute of

---

[3] This dismissal on forum non conveniens grounds calls for the denial, on mootness grounds, of Garuda's substantive dismissal motions. This Court so orders.

limitations that would not have run if Boeing and CFM had sued Garuda in Indonesia at the same time that they brought their third party complaints in this action; and

 4. to make witnesses who have relevant knowledge and who are within Garuda's control available not only during a trial in Indonesia but also, prior to trial, at such times and in such fashion as Indonesian law permits.[4]

         _____
         Milton I. Shadur
         Senior United States District Judge

Date: June 28, 2004

---

[4] Although this Court has no familiarity with Indonesian law and is of course unable to prescribe how United States practices as to pretrial discovery may or may not have parallels there, it is also expected that Garuda will cooperate with any effort that Boeing and CFM are required to undertake there to avoid the cumbersome procedures involving in obtaining and enforcing letters rogatory.